IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 5:20-CR-165-H |
| THOMAS JOHN BOUKAMP | (Supersedes indictment filed 12/09/20) |

## SUPERSEDING INDICTMENT

The Grand Jury Charges:

Count One
Transportation of a Minor with Intent to Engage in Criminal Sexual Conduct
(Violation of 18 U.S.C. § 2423(a))

From on or about November 13, 2020, to on or about November 22, 2020, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Thomas John Boukamp**, defendant, did knowingly transport an individual who had not attained the age of 18 years in interstate and foreign commerce, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense, that is, a violation of Michigan Penal Code Section 750.520d, which makes it a crime to engage in sexual penetration with another person when the other person is at least 13 years of age and under 16 years of age.

In violation of Title 18, United States Code, Section 2423(a).

<u>Count Two</u>
Travel with Intent to Engage in Illicit Sexual Conduct
(Violation of 18 U.S.C. § 2423(b))

From on or about November 11, 2020, to on or about November 22, 2020, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Thomas John Boukamp**, defendant, did knowingly travel in interstate commerce for the purpose of engaging in any illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(f).

In violation of Title 18, United States Code, Section 2423(b).

Count Three
Enticement and Attempted Enticement of a Minor
(Violation of 18 U.S.C. § 2422(b))

From on or about August 31, 2020, to on or about November 22, 2020, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Thomas John Boukamp**, defendant, did knowingly use a facility and means of interstate and foreign commerce, to persuade, induce, entice, and coerce, and attempt to do so, an individual who had not attained the age of eighteen (18) years, to engage in sexual activity for which **Boukamp** could be charged with a criminal offense, that is, a violation of Michigan Penal Code Section 750.520d, which makes it a crime to engage in sexual penetration with another person when the other person is at least 13 years of age and under 16 years of age.

In violation of Title 18, United States Code, Section 2422(b).

<u>Count Four</u>
Receipt of Child Pornography
(Violation of 18 U.S.C. §§ 2252(a)(2) and (b))

On or about October 9, 2020, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Thomas John Boukamp**, defendant, did knowingly receive a visual depiction, that had been shipped and transported using any means and facility of interstate and foreign commerce, had been shipped and transported in and affecting interstate and foreign commerce, and was produced using materials which had been mailed and shipped and transported using any means and facility of interstate and foreign commerce, including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, that is: the lascivious exhibition of the genitals and pubic area of said minor, and such visual depiction was of such conduct.

In violation of Title 18, United States Code, Sections 2252(a)(2) and (b).

Count Five
Cyber Stalking
(Violation of 18 U.S.C. § 2261A(2))

From on or about a date unknown to the grand jury, to on or about November 13, 2020, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Thomas John Boukamp**, defendant, with intent to injure, harass, and intimidate "Jane Doe," a person under the age of 18, used an interactive computer service, an electronic communication service, an electronic communication service of interstate commerce, and facilities of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would reasonably be expected to cause substantial emotion distress to Doe.

In violation of Title 18, United States Code, Section 2261A(2).

## Forfeiture Notice
(18 U.S.C. §§ 2253, 2428)

Upon conviction of an offense alleged in Count One, Two, Three, Four, or Five, and pursuant to 18 U.S.C. §§ 2253 and 2428(b), defendant **Thomas John Boukamp**, shall forfeit to the United States of America: (a) any visual depiction described in Section 2251, 2252A, 2252, 2252A, 2252B, or 2260 of Chapter 110, and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110; (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from any offense alleged in Count One and Five; (c) any property, real or personal, used or intended to be used to commit or to promote the commission of any offense alleged in Count One or Five, and any property traceable to such property; and (d) any property, real or personal, used or intended to be used to commit or to facilitate the commission of any violation of Chapter 117; and (e) any property, real or personal, that constitutes or is derived from proceeds traceable to any violation of Chapter 117.

The above-referenced property subject to forfeiture includes, but is not limited to, the following:

- Any items of digital media seized by law enforcement from the defendant or his residence on November 22, 2020;

If any of the property described above, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2428(a), to seek forfeiture of any other property of the said defendant up to the value of the forfeitable property described above.

          A TRUE BILL:

          _____
          FOREPERSON

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

_____
CALLIE WOOLAM
Assistant United States Attorney
Texas State Bar No. 24075306
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: 806-472-7564
Facsimile: 806-472-7394
E-mail: callie.woolam@usdoj.gov

Thomas John Boukamp
Superseding Indictment - Page 7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

THE UNITED STATES OF AMERICA

v.

THOMAS JOHN BOUKAMP

SUPERSEDING INDICTMENT

| | |
|---|---|
| COUNT 1: | TRANSPORTATION OF A MINOR WITH INTENT TO ENGAGE IN CRIMINAL SEXUAL CONDUCT<br>Title 18, United States Code, Section 2423(a). |
| COUNT 2: | TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEXUAL CONDUCT<br>Title 18, United States Code, Section 2423(b). |
| COUNT 3: | ENTICEMENT AND ATTEMPTED ENTICEMENT OF A MINOR<br>Title 18, United States Code, Section 2422(b). |
| COUNT 4: | RECEIPT OF CHILD PORNOGRAPHY<br>Title 18, United States Code, Sections 2252(a)(2) and (b). |
| COUNT 5: | CYBER STALKING<br>Title 18, United States Code, Section 2261A(2). |

(5 COUNTS + FORFEITURE)

A true bill rendered,

Lubbock _____   _____ Foreperson

Filed in open court this 14th day of July, A.D. 2021

_____ Clerk

Complaint No. 5:20-MJ-133 filed on November 22, 2020.
Defendant in federal custody.

_____
UNITED STATES MAGISTRATE JUDGE