UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS JOHN BOUKAMP,<br><br>    Defendant. | No. 5:20-CR-165-H |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO SUPPRESS**

This case involves a minor taken out of state by the defendant, allegedly for sexual purposes. Law enforcement located the minor by searching her electronics and personal accounts, which eventually led to the emergency acquisition of the defendant's cell site location information. Before the Court is Thomas John Boukamp's Motion to Suppress and Amended Motion to Suppress,[1] which challenge law enforcement officers' use of his phone's location data, the search of the victim's computer and online accounts, and the search of the victim's Discord account, which included Boukamp's conversations with the victim. Dkt. Nos. 24, 49. Boukamp asserts that law enforcement needed a warrant to search his phone's real-time location. He also argues that receiving the victim's username and passwords from her minor sister, which subsequently led to information about

---

[1] Boukamp's first motion to suppress (Dkt. No. 24) contained impermissible sensitive personal identifying information. He then filed an amended motion that complies with Federal Rule of Criminal Procedure 49.1(a). Dkt. No. 48. The amended motion did not include the exhibits, which also contained sensitive information, but the motion is otherwise substantively identical to the original. *See* Dkt. Nos. 24, 48. As a result, the Court references and considers the exhibits in the original motion—which are filed under seal—in resolving the legal issues presented in the amended motion to suppress.

Boukamp and his conversations with the victim, violated both his and the victim's expectations of privacy.

Because neither party requested a hearing on the motion nor disputes the material facts—and given that the Court can adjudicate the relevant legal issues based solely on the evidence presented by Boukamp and documents in the public record—the Court, in its discretion, declines to hold a hearing on the motion.[2] The Court finds that Boukamp lacks standing to challenge the search of the victims' property and that, based on the defendant's attachments to his motion, the warrantless search of Boukamp's cell-site location data was reasonable based on exigent circumstances. Accordingly, the motion to suppress is denied in full.

1. **Background**

    A. **Jane Doe's Disappearance**

    On November 13, 2020, the Lubbock Police Department was contacted by the father of the 14-year-old victim (Jane Doe), because his daughter had not returned home from her middle school. Dkt. No. 24 at 119, 147, 161. Initially, the LPD investigated the case as a juvenile runaway and contacted Doe's school. *Id.* at 119–20. The school's administrators provided video footage, and witnesses confirmed that Doe left the school, walked several blocks down the road, and eventually entered the passenger side of a red car. *Id.* at 120.

    B. **Law Enforcement's Search of Doe's Online Profiles**

    On November 20, 2020, law enforcement interviewed Doe's sister about Doe's disappearance a week earlier. *Id.* at 164. The sister provided law enforcement with the

---

[2] *See United States v. Harrellson*, 705 F.2d 733, 737 (5th Cir. 1983) (explaining that evidentiary hearings are only required on a motion to suppress where necessary to resolve an issue of fact).

2

passwords that she knew Doe typically used for her various online activities. *Id.* Doe's father subsequently provided officers with several electronic devices used by Doe as well as consent to search the devices. *Id.* at 155. Using these devices coupled with Doe's passwords, law enforcement was able to locate the correct sign-in information for Doe's Discord[3] account. *Id.* at 164. Officers then located a text conversation between Doe and an individual with a screenname of "hua00" who identified himself as "Tommy." *Id.* These messages included text conversations and also logged the time of voice calls for the period of August 31, 2020 to November 13, 2020—the date Doe disappeared. *See id.* at 166–71.

The Discord messages between Doe and hua00 indicated that they had devised a plan to meet in Lubbock, Texas outside of Doe's middle school and leave together on November 13, 2020. *Id.* at 165. As a result, law enforcement believed that Doe had left the school with Tommy in the red car resulting in her disappearance. *Id.* The messages clearly identify that both Doe and hua00 were aware of one another's age—Doe at 14 years old and hua00 at 20. *Id.* at 171.

In addition to the plan to leave together, hua00 expressed an intention to harm Doe. *See id.* at 166–71. Specifically, hua00 threatened to kill Doe on multiple occasions (*id.* at 166), stated generally that he "cant [sic] stop thinking about rape" (*id.* at 167), and revealed that he had dreams about killing Doe and other women (*id.* at 168). Hua00 also requested nude pictures of Doe and, after receiving them, stated that he shared them with others. *Id.* at 170. These messages also contained explicit conversations about hua00 raping and

---

[3] Discord is a web-based platform that allows individuals to connect with people throughout the world to communicate and play games.

subsequently killing Doe once they were together. *Id.* 168–69. Through Doe's Discord account, law enforcement located an email they believed to be tied to hua00. *Id.* at 171

### C.   Law Enforcement's Warrantless Search of Boukamp's Phone

After reviewing the Discord messages described above, law enforcement reported that "it was determined that [Doe] was in imminent danger of bodily injury or death." *Id.*[4] Law enforcement issued an administrative subpoena to Google for subscriber information related to the email address they thought was associated with hua00. *Id.* at 11–14, 171. Google provided a recovery email address and telephone number. *Id.* at 172. A law-enforcement-database search of that number indicated it was serviced by Verizon Wireless and belonged to Boukamp. *Id.* Without a warrant and based on the expressed exigent circumstance, law enforcement subsequently requested Boukamp's cell site location information (CSLI) from Verizon beginning on the date of the disappearance. *Id.* at 16, 172. This location information revealed that Boukamp was near Doe's middle school the day she disappeared. *Id.* at 172. In total, law enforcement monitored Boukamp's location data for approximately 12 hours. *Id.* at 18–114.

On November 21, 2020, using the CSLI obtained from Verizon, law enforcement located Boukamp's phone in Antrim County, Michigan. *Id.* Officers monitored the location of the phone and subsequently located an associated address. *Id.* FBI agents in Michigan surveilled the area and discovered a red car in the driveway of the address. *Id.*

---

[4] Various documents, including police reports, attached to Boukamp's motion demonstrate that officers believed Doe was in imminent danger. Dkt. No. 24 at 16, 171. Boukamp does not challenge this belief in his motion. *See generally id.* "Evidentiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief." *Harrelson*, 705 F.3d at 737. "General or conclusionary assertions, founded upon mere suspicion or conjecture, will not suffice. *Id.*

### D. Boukamp's Arrest

Law enforcement officers applied for and obtained a search warrant for the address they believed Boukamp and Doe occupied. *Id.* at 117, 172. On November 22, 2021, law enforcement made contact with the occupants of the house—Doe and Boukamp. *Id.* Officers arrested Boukamp and transported Doe to a hospital and then back to Lubbock. *Id.* at 172–73.

### E. Procedural History

Boukamp is currently charged in a five-count Superseding Indictment for: (1) Transportation of a Minor with Intent to Engage in Criminal Sexual Conduct; (2) Travel with Intent to Engage in Illicit Sexual Conduct; (3) Enticement and Attempted Enticement of a Minor; (4) Receipt of Child Pornography; and (5) Cyber Stalking. Dkt. No. 37. Boukamp filed his first Motion to Suppress (Dkt. No. 24), and the government filed a response (Dkt. No. 32). Boukamp filed the instant Amended Motion to Suppress (Dkt. No. 48), which removed impermissible personal identifying information present in his original motion, but it is otherwise substantively identical to the original motion. Because neither party requested a hearing and there are no factual disputes underlying the motion, the Court need not hold an evidentiary hearing before resolving the motion.

## 2. Legal Standards

The Fourth Amendment of the United States Constitution grants "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." "Warrantless searches and seizures are per se unreasonable unless they fall within a few narrowly defined exceptions." *Rountree v. Lopinto*, 976 F.3d 606, 609 (5th Cir. 2020) (quoting *United States v. Kelly*, 302 F.3d 291, 293 (5th Cir. 2002)). "One well-

recognized exception applies when "'the exigencies of the situation" make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment.'" *Carpenter v. United States*, 138 S. Ct. 2206, 2222 (2018) (quoting *Kentucky v. King*, 563 U.S. 452, 460 (2011)). "The burden is on the government to prove the existence of the exigency." *United States v. Rico*, 51 F.3d 495, 501 (5th Cir. 1996).

"Evidence derived from an unreasonable search or seizure generally must be suppressed under the fruit-of-the-poisonous-tree doctrine." *United States v. Alvarado-Zarza*, 782 F.3d 246, 249 (5th Cir. 2015). "[O]n a motion to suppress, the defendant has the burden of proving, by a preponderance of the evidence, that the evidence in question was obtained in violation of [his] constitutional rights." *United States v. Guerrero-Barajas*, 240 F.3d 428, 432 (5th Cir. 2001). But "if a defendant produces evidence that he was arrested or subject to search without a warrant, the burden shifts to the government to justify the warrantless search." *United States v. Roch*, 5 F.3d 894, 897 (5th Cir. 1993).

3.  Analysis

   A.  **Boukamp lacks standing to challenge the search of Doe's computers.**

"Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978). "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Id.* at 134. Thus, before reaching the issue of whether a search was reasonable, the Court must determine whether a defendant has standing to challenge the search. *See United States v. Riazco*, 91 F.3d 752, 754 (5th Cir. 1996).

The Court must apply a two-prong test when analyzing whether a defendant has standing under the Fourth Amendment to challenge a particular search. *Id.* The Court must determine "1) whether the defendant [can] establish an actual, subjective expectation of privacy with respect to the place being searched or the items being seized, and 2) whether that expectation of privacy is one which society would recognize as [objectively] reasonable." *United States v. Wise*, 877 F.3d 209, 218 (5th Cir. 2017).

Here, the Court finds that Boukamp lacks standing to challenge law enforcement's search of Doe's property. Boukamp challenges the validity of law enforcement's search of Doe's computers, which revealed information about him. Dkt. No. 48 at 1. Specifically, he argues that the search was unreasonable because both Doe's father and sister lacked authority to consent to the search or provide the sign-in information used to access the victim's computers. *Id.* at 7.

But Boukamp fails to satisfy either prong of the Fourth Amendment's standing test. He neither provides evidence supporting that he had an actual, subjective expectation of privacy with respect to Doe's computers, nor argues that such an expectation would be objectively reasonable. *See id.* While Boukamp challenges the validity of consent to search Doe's property, he fails to demonstrate a constitutional basis to challenge that consent. Under these circumstances, the Court finds that Boukamp cannot establish an actual, subjective expectation of privacy in Doe's computers. *See United States v. Zimmerman*, 303 F. App'x 207, 209 (5th Cir. 2008) (upholding a district court's finding that a defendant lacked a reasonable expectation of privacy in his employer-owned workplace computer). And even if he could, society would not recognize an adult's expectation of privacy in a minor's electronic devices under the circumstances present here as objectively reasonable. *See id.*

Accordingly, the Court finds that Boukamp lacks standing to challenge law enforcement's search of Doe's computers. Boukamp's request that the Court suppress all subsequently seized evidence at trial is denied.

> **B.     Boukamp also lacks standing to challenge law enforcement's search of Doe's Discord account and messages.**

Boukamp argues that the Court should suppress the conversation between himself and Doe—viewed by law enforcement on Doe's Discord account—and all subsequently seized evidence because the search was conducted without a warrant. Dkt. No. 48 at 2. He also asserts that he has an actual and objective expectation of privacy in his conversation with Doe. *Id.*

Again, before reaching the merits of Boukamp's arguments, the Court must determine whether Boukamp has standing to challenge the search of Doe's Discord account and the conversations stored in it. Boukamp asserts that he "has a privacy interest in his personal communications through Discord, Inc. which were seized and searched in the case at bar without a warrant." Dkt. No. 24 at 6. But Boukamp presents no legal argument explaining how his expectation of privacy extends to the contents of a third-party's property.

The Court recognizes that Boukamp may have both a subjective and objective expectation of privacy in his own electronic devices and internet accounts. But there is nothing to support the same reasonably objective expectation in another's devices and accounts, even if he communicated with those accounts. The Supreme Court has consistently "held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Smith v. Maryland*, 442 U.S. 735, 744 (1979).[5] Here,

---

[5] In her concurrence in *United States v. Jones*, Justice Sotomayor suggests that the Court may need to "reconsider the premise that an individual has no reasonable expectation of privacy in information

8

Boukamp engaged in text conversations with Doe on Discord over several months. Dkt. No. 24 at 166–71. While he may have subjectively believed that these conversations were private, the Court finds that such an expectation is not objectively reasonable in light of binding Supreme Court precedent and the circumstances present here. *See Smith*, 442 U.S. at 744.

Boukamp's conclusory assertions about his expectation of privacy are insufficient to change this result. He provides no relevant legal authority or material factual allegations to support such an expectation in another's property—specifically, Doe's password-protected Discord account. He voluntarily conversed and interacted with the minor victim, and he has no subjective or objective expectation of privacy in the *victim's* Discord account and its contents. Accordingly, the Court concludes that Boukamp also lacks standing to challenge law enforcement's viewing of Doe's private messages with Boukamp through her Discord account. Thus, the Court denies Boukamp's request that the Court suppress all subsequently seized evidence at trial.

### C. Law enforcement's warrantless search of Boukamp's CSLI was reasonable based on the exigent-circumstances exception to the warrant requirement.

Finally, Boukamp challenges the validity of law enforcement's warrantless search of his cell-site records. Dkt. No. 48 at 1. His only argument on this point is that the Court should suppress any evidence obtained from this search because law enforcement did not obtain a warrant. *See generally id.* But Supreme Court precedent makes clear that a warrant

---

voluntarily disclosed to third parties." 565 U.S. 400, 417 (2012) (Sotomayor, J., concurring). But this proposition calls into question the Court's application of what is voluntary in the context of disclosing personal information in the course of carrying out mundane tasks. *Id.* Here, Boukamp does not contend that he involuntarily turned over information in his conversations with Doe, and it is apparent to the Court through the context that the disclosures were voluntary.

is not required to obtain CSLI under exigent circumstances, which were clearly present in this case.

"[E]ven though the Government will generally need a warrant to access CSLI, case-specific exceptions may support a warrantless search of an individual's cell-site records under certain circumstances." *Carpenter*, 138 S. Ct. at 2222. "One well-recognized exception applies when 'the exigencies of the situation' make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment." *Id.* (quotation marks and citations omitted). "Such exigencies include the need to pursue a fleeing suspect, protect individuals who are threatened with imminent harm, or prevent the imminent destruction of evidence." *Id.* (citing *King*, 563 U.S. at 460). Courts "have approved warrantless searches related to bomb threats, active shootings, and child abductions." *Id.*

In this case, the Court finds that the government has carried its burden to justify its warrantless search by demonstrating that exigent circumstances existed to such as degree that the warrantless search of CSLI was objectively reasonable. Prior to receiving Boukamp's cell-site records and subsequently locating him and Doe, law enforcement had viewed the Discord conversation between the two. Dkt. No. 24 at 171. This text conversation revealed a plan for Boukamp to pick up 14-year-old Doe and leave the state with her. *Id.* at 165. In no uncertain terms, Boukamp threatened to maim, rape, and kill Doe. *Id.* at 166–71. Given these threats and Doe's actual abduction that closely followed the plan outlined on Discord, it was reasonable for officers to expect that the threats were genuine. Under these circumstances, the needs of law enforcement were so compelling that a warrantless search of the CSLI was objectively reasonable.

Boukamp argues that *Carpenter* prohibits warrantless searches of CSLI. Dkt. No. 48 at 5–6. But this argument fails to recognize the clearly carved-out exception regarding warrantless searches of CSLI under exigent circumstances, which are present here. *Carpenter*, 138 S. Ct. at 2223. *Carpenter* acknowledges explicitly that its holding does not impact law enforcement's ability to act under exigent circumstances to protect individuals from imminent harm. *Id.* And it is clear from the messages in this case that there existed exigent circumstances not only with respect to Doe's abduction but also to Boukamp's expressed threat of serious bodily harm and death to his victim.

The Court also finds that law enforcement complied with the applicable federal statutes governing cell providers' provision of GPS tracking information. "A provider . . . may divulge a record or other information pertaining to a subscriber or customer of such service . . . to a governmental entity, if the provider, in good faith, believes that an emergency involving danger of death or serious physical injury to any person requires disclosure without delay of information relating to the emergency." 18 U.S.C. § 2702(c)(4). While the Fifth Circuit has not addressed this issue, other circuits recognize CSLI to be "other information" under Section 2702(c)(4) and may thus be divulged when exigent circumstances exist. *See, e.g.*, *United States v. McHenry*, 849 F.3d 699, 706 (8th Cir. 2017) (holding that the provision of GPS tracking information to law enforcement without a warrant was appropriate when there was a known juvenile victim of sex trafficking believed to be actively victimized at the time the GPS data was used); *United States v. Gilliam*, 842 F.3d 801, 805 (2d Cir. 2016) (holding that exigent circumstances, based on credible information of child prostitution, justified obtaining cell phone location information without a warrant).

As addressed in more detail above, law enforcement here believed Doe to be in danger of serious physical injury or death based on the contents of her conversations with Boukamp. Only after believing exigent circumstances existed did law enforcement seek Boukamp's CSLI and eventually discover his location. Therefore, the Court concludes that law enforcement complied with Section 2702(c)(4), which allows a provider to divulge information, such as CSLI, to government authorities when it is believed an emergency such as this existed. Accordingly, the Court finds that, while this data was requested and received without a warrant, the search was reasonable because law enforcement complied with the requirements of both the Fourth Amendment and Section 2702(c)(4). *See McHenry*, 849 F.3d at 706; *Gilliam*, 842 F.3d at 805.

**4.   Conclusion**

The Court denies Boukamp's Amended Motion to Suppress in full because the evidence was not obtained through a violation of his constitutional rights. Specifically, Boukamp lacks standing to challenge law enforcement's search of both Doe's devices and her password-protected Discord account because he does not have a reasonable expectation of privacy in Doe's property. Furthermore, the Court finds that the government has met its burden of demonstrating that the warrantless search of Boukamp's CSLI data was reasonable based on the officers' perception of exigent circumstances regarding the risk to Doe's health and safety. Accordingly, the amended motion to suppress is denied.

So ordered on July 28, 2021.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

12