UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS JOHN BOUKAMP,<br><br>    Defendant. | No. 5:20-CR-165-H |

# ORDER

Before the Court is the Government's Motion to Limit Defendant's Access to Discovery. Dkt. No. 131. The government requests Court permission to:

(1) Redact identifying and contact information of the minor victim (M.W.) from the government's discovery; and

(2) Limit the defendant's access to forensic interviews of the victim (M.W.) and her minor sister (B.W.), photographs of M.W., the contents of and forensic extractions of any devices collected and examined, and contraband material including child pornography and erotica, to the defendant's review at the United States Attorney's Office in Lubbock, Texas.

*Id.* at 1. According to the government, "[t]his material contains personal identifying information of the victim and other minors and is material that the victim would likely not want the defendant to have in his possession." *Id.* at 1–2.

Under Federal Rule of Criminal Procedure 16(d)(1), the Court "may, for good cause, deny, restrict, or defer discovery or inspection." And under 18 U.S.C. § 3771(a), crime victims have "[t]he right to be reasonably protected from the accused" and "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." The Supreme

Court has stated that "safeguarding the physical and psychological well-being of a minor" is a "compelling" interest. *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.,* 457 U.S. 596, 607 (1982). And courts have restricted a defendant's access to discovery under Rule 16(d)(1) and Section 3771(a) "due to the nature of the allegations and crimes with which Defendant has been charged, combined with the sexually explicit and sensitive nature of the discovery materials." *United States v. Torres*, No. 20-CR-00418, 2020 WL 4500046, at *2 (D.N.J. Aug. 5, 2020); *see United States v. Patkar,* No. CR. 06-00250 JMS, 2008 WL 233062, at *3 (D. Haw. Jan. 28, 2008).

  Here, the nature of the allegations and crimes with which the defendant has been charged involve abuse of a minor victim. And, given the pro se status of the defendant, the interest in protecting minor victim from the defendant—the alleged perpetrator of the acts charged—is especially significant. The government has demonstrated "good cause" under Rule 16(d)(1) by demonstrating that the discovery sought to be limited include the names, identifying information, and private and potentially embarrassing content relating to the minor victim or her minor sister. The minor victim's interest in "dignity and privacy" and her "right to be reasonably protected from the accused" can extend to the minor sister also. 18 U.S.C. §§ 3771(a) & (e)(2)(B) ("In the case of a crime victim who is under 18 years of age . . . family members . . . may assume the crime victim's rights under this chapter."). Revealing the minor sister's name and identifying information may put her in danger, and the interest in her protection from the accused is especially substantial because "safeguarding the physical and psychological well-being of a minor" is a "compelling" interest. *Globe Newspaper*, 457 U.S. at 607. Moreover, if information concerning the minor sister is disclosed, it will likely violate the Section 3771(a) interests of the minor victim also.

In addition, some of the materials that the government seeks to limit the defendant's access to are illicit materials or are contraband if brought into a correctional facility. *United States v. Kimbrough*, 69 F.3d 723, 731 (5th Cir. 1995) (citations omitted) ("Child pornography is illegal contraband."). Given the defendant's detention in jail, the Court finds additional good cause to limit the defendant's access to these materials.

Therefore, the Court grants the Government's Motion to Limit Defendant's Access to Discovery (Dkt. No. 131). The government may redact identifying and contact information of M.W. from the government's discovery and limit the defendant's access to forensic interviews of M.W. and B.W., photographs of M.W., the contents of and forensic extractions of any devices collected and examined, and contraband material including child pornography and erotica, to the defendant's review at the United States Attorney's Office in Lubbock, Texas.

"In any criminal proceeding, any property or material that constitutes child pornography . . . shall remain in the care, custody, and control of either the Government or the court." 18 U.S.C. § 3509(m)(1). And a court must deny "any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography . . . so long as the Government makes the property or material reasonably available to the defendant." § 3509(m)(2)(A). Such "property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility." § 3509(m)(2)(B).

The government states that it "will meet with the defendant next week to discuss discovery and the availability of the restricted discovery." Dkt. No. 131 at 2; *see Kimbrough*,

69 F.3d at 731 (finding that the "Government's offer to make the materials available for inspection but not to allow them to be copied was reasonable"). In addition, the government states that it "will file a Notice of Conference with the Court after its meeting with the defendant outlining the discussion with the defendant, the discovery that was provided to the defendant, and what discovery is available for his review at the U.S. Attorney's Office and noting any objections or concerns he raised." *Id.*

To provide clarity to the Court and the defendant, and to ensure that the defendant is given "ample opportunity for inspection, viewing, and examination at a Government facility," *see* § 3509(m)(2)(B), the government is ordered to include in its Notice the following additional items:

(1) A table of items redacted or to which access is limited, including a description of the content and the reason for redaction or limitation of access; and

(2) The dates on which the defendant will have access to these items in unrestricted form at the United States Attorney's Office, including the amount of time the defendant will be afforded per visit.

The government shall provide defendant with a copy of its Notice.

So ordered on May 5, 2022.

*[signature]*
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE