UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § § § | |
| v. | § § | CASE NO. 5:20-CR-165-H (ECF) |
| THOMAS JOHN BOUKAMP | § § § | |
| Defendant. | § § | |

## MOTION FOR SUBPOENA OF RELEVANT DOCUMENTS

Because of the government's lack of disclosure of certain specific relevant documents, I must make it known to the court the necessity of obtaining these documents and motion for a hearing ex parte as to their relevance and value to my defense.

I was unable to make copies of my discovery request to the government, and because of the new information obtained recently from disclosure of the alleged victim's father's messages with the AUSA, I wish to subpoena the following evidence.

1. All reports and all video and audio recorded from November 22nd, 2020, before during and after the raid on my family home, made by the various law officers or government actors having involvement included but not limited to the raid, the warrant, the surveillance, the arrest and any interaction with the alleged victim and myself. The records sought include but are not limited to dash or body camera footage and/or audio, FBI 302 reports, and internal state agency documents. These records are sought because there is no report in discovery concerning the alleged victim's story directly after the raid, and no interactions with any government actor have been noted in any depth. There is also a total lack of footage or audio for the raid. Also, potentially coercive tactics (including but not limited to the use of a flash bang, manhandling, and handcuffing) were employed on the alleged victim and may have had a significant impact on the victims statements and CAC interview 2 days later. There is also the fact that the alleged victim provided a false name to the SWAT team and other personnel present, which is something Special Agent Croon falsely testified about during the

pretrial hearing in Michigan. The lack of meaningful reporting in discovery during that 2 day period is quite disturbing.

2.   All reporting and all video and audio recorded of the alleged victims interactions with anybody from the government on or after November 22nd, 2020. In text messages I recently acquired from the AUSA and the alleged victims father, multiple mentions of meetings at the Federal Building, of what nature I am unsure, were planned and discussed in little detail, regarding this case. The alleged victim is specifically noted as a party. I am extremely concerned that the meetings were never previously disclosed to my knowledge, and the government insists that nothing about those meetings exist. The meetings are relevant for obvious reasons, but the potential for witness tampering is also quite worrying. The reports ought not qualify for any protection under 18 § 3500, and even if they did my right to present a defense would surpass the need for nondisclosure until direct examination of the alleged victim had concluded. It would also serve the interest of the Court to avoid unnecessary delay during trial.

*[signature]*
Thomas John Boukamp
**Defendant *Pro Se***