UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS JOHN BOUKAMP,<br><br>    Defendant. | No. 5:20-CR-165-H |

# ORDER

Before the Court is the Thomas John Boukamp's Motion for Subpoena of Relevant Documents. Dkt. No. 168. Boukamp requests (1) "[a]ll reports and all video and audio recorded from November 22nd, 2020, before[,] during[,] and after the raid on [his] family home"; and (2) "[a]ll reporting and all video and audio recorded of the alleged victim[']s interactions with anybody from the government on or after November 22nd, 2020." *Id.* at 1–2. Boukamp's motion is denied for the following reasons.

First, Boukamp's motion fails to comply with the Court's Amended Criminal Trial Scheduling Order, which requires "[a]ny motion for the issuance of a subpoena" to "include as attachments the requested subpoena on the Court's approved form and a memorandum stating with particularity why issuance of the subpoena is necessary for the defendant to present an adequate defense." Dkt. No. 132 at 2. Boukamp has done neither.

Second, Boukamp's motion fails to conform to federal rules requiring that a subpoena identify the witness or custodian ordered to produce documents and objects that the subpoena designates. Fed. R. Crim. P. 17(c)(1). Nowhere in Boukamp's motion is the target of the subpoena duces tecum identified.

Third, Boukamp notes regarding the second request that "the government insists that nothing about th[e] meetings" between the victim and the government "exist[s]." Dkt. No. 168 at 2. According to the government's notices concerning discovery (Dkt. Nos. 139, 163), the government has provided its full discovery to Boukamp. Additionally, the government is subject to the Court's prior discovery order:

> The government shall provide discovery of all materials in its possession to the defendant in accordance with Federal Rule of Criminal Procedure 16(a). The government's disclosures shall include, in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), all exculpatory evidence it possesses concerning the defendant and all impeachment evidence concerning any government witnesses. The government shall supplement its disclosures as necessary and provide full discovery as required by Federal Rule of Criminal Procedure 16(a) within a reasonable time prior to trial. Absent a compelling excuse, any evidence not disclosed within a reasonable time prior to trial will not be admitted at trial. The government shall provide the defendant with all Jencks Act material, 18 U.S.C. § 3500, on the day before the testimony of the witness to whom such material relates.

Dkt. Nos. 14 at 1–2; 127 at 1–2; 132 at 1–2. These obligations continue.

Boukamp's Motion for Subpoena of Relevant Documents (Dkt. No. 168) is denied. Standby counsel or his designee shall provide Boukamp with this Order and a copy of the Court's approved form for subpoena duces tecum (AO 89B) as soon as possible.

So ordered on May 23, 2022.

*[signature]*
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE