UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS JOHN BOUKAMP,<br><br>    Defendant. | No. 5:20-CR-165-H |

## ORDER

Before the Court is Boukamp's Motion to Prevent Hateful and Vile Prosecution. Dkt. No. 172. Boukamp asks the Court to dismiss all charges against him "because of their inherently hateful and discriminatory nature." *Id.* The Court construes Boukamp's motion as a motion to dismiss the indictment for selective prosecution.

In order to prevail on a defense of selective prosecution, a defendant bears the "heavy burden" of showing two requirements are met: "First, he must make a prima facie showing that he has been singled out for prosecution although others similarly situated who have committed the same acts have not been prosecuted. Second, having made the first showing, he must then demonstrate that the government's selective prosecution of him has been constitutionally invidious." *United States v. Jennings*, 724 F.2d 436, 445 (5th Cir. 1984) (citations and footnote omitted). "In making these requisite showings, the defendant must rebut the presumption that the government made its decision to prosecute in good faith and in a nondiscriminatory manner. To dispel the presumption of prosecutorial good faith, a criminal defendant must present clear evidence to the contrary." *United States v. Webster*, 162 F.3d 308, 334 (5th Cir. 1998) (cleaned up and citations omitted). "A defendant is not automatically entitled, however, to an evidentiary hearing to make the required showing.

He must first present facts 'sufficient to create a reasonable doubt about the constitutionality of a prosecution.'" *Jennings*, 724 F.2d at 445 (quoting *United States v. Hayes*, 589 F.2d 811, 819 (5th Cir. 1979)).  Mere conclusory allegations are not enough.  *See id.*

Boukamp suggests that the government is prosecuting him on the basis of his "normal male sexuality."  Dkt. No. 172.  To the extent that Boukamp might allege selective prosecution on the basis of his sex, the Court recognizes that a decision to prosecute may not be based on a defendant's sex.  *United States v. Brimite*, 102 F. App'x 952, 956 (6th Cir. 2004).  But Boukamp provides "nothing more than broad allegations concerning the selective prosecution of" males.  *Jennings*, 724 F.2d at 445.  Furthermore, Boukamp makes no showing that "he has been singled out for prosecution although others similarly situated who have committed the same acts have not been prosecuted."  *Id.*  With nothing more than conclusory assertions, Boukamp has failed to rebut "the presumption of regularity supporting the Government's decision to prosecute."  *United States v. Laxey*, 91 F. App'x 939, 941 (5th Cir. 2004).

Therefore, Boukamp has failed to bear his burden of establishing the prima facie elements of a selective-prosecution claim.  Boukamp's motion (Dkt. No. 172) is denied.

So ordered on May 27, 2022.

*[signature: James W. Hendrix]*
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE