UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        No. 5:20-CR-165-H

THOMAS JOHN BOUKAMP,

    Defendant.

# ORDER

Before the Court is Boukamp's Motion for Science (Dkt. No. 180) and Motion for Expert Witnesses (Dkt. No. 181). In these motions, Boukamp asks for the appointment of several experts to assist in his defense. Though he cites no legal authority for such appointments, the Court construes Boukamp's motions as motions for "investigative, expert, and other services" under the Criminal Justice Act. 18 U.S.C. § 3006A(e)(1).

**1.    Appointment of Experts Under the Criminal Justice Act**

Title 18 Section 3006A(e)(1) of the Criminal Justice Act provides that:

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

Though the statute provides that appointed counsel may request such services, this provision also allows for an indigent pro se litigant, upon an adequate showing of need, to "obtain investigative, expert, or other services necessary for adequate representation." 18 U.S.C. § 3006A(e)(1); *see United States v. Hamlet*, 456 F.2d 1284, 1284 (5th Cir. 1972); *Gonzales v. United States*, No. 3:17-CV-603-M-BN, 2017 WL 1231689, at *2–*3 (N.D. Tex.

Apr. 4, 2017) (Horan, M.J.). But, when a pro se defendant—as opposed to appointed counsel—makes such a request, it "heightens the court's responsibility to make a careful ex parte inquiry and determination of the need for such services." *Hamlet*, 456 F.2d at 1284.

An ex parte hearing is not required for every motion for appointment under Section 3006A(e)(1). *United States v. Rodriguez-Perez*, 428 F. App'x 324, 326 (5th Cir. 2011); *United States v. Hardin*, 437 F.3d 463, 470 (5th Cir. 2006). "Instead, the language of the statute requires that the expert services not be authorized in the absence of an 'appropriate inquiry in an ex parte proceeding' and two determinations by the court: that the services are necessary for an adequate defense and that the defendant is financially unable to obtain those necessary services." *Hardin*, 437 F.3d at 470 (quoting 18 U.S.C. § 3006A(e)(1)).

As to necessity for an adequate defense, the movant "must demonstrate with specificity, the reasons why such services are required." *United States v. Gadison*, 8 F.3d 186, 191 (5th Cir. 1993) (emphasis omitted); *see also United States v. Rodriguez-Perez*, 428 F. App'x 324, 327 (5th Cir. 2011). A defendant may demonstrate necessity for such services by explaining their relevance, including their application to a theory of defense; identifying any leads that need to be pursued; or showing what other investigative efforts have been exhausted thus far. *See, e.g.*, *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978); *Hardin*, 437 F.3d at 466–70. An ex parte hearing is not necessary to resolve a motion pursuant to Section 3006A(e)(1) where a defendant fails to demonstrate with specificity the necessity of the requested services. *See Rodriguez-Perez*, 428 F. App'x at 326–27.

As to financial inability to obtain necessary services, the defendant bears the burden of showing that he is financially unable to obtain such services. *See United States v. Foster*, 867 F.2d 838, 841 (5th Cir. 1989). While "[n]o particular method of determining the

defendant's means . . . is required by the [Criminal Justice] Act," the Court is required "to make an appropriate inquiry into the defendant's financial status."  *Id.*

2.  **The motions for a science expert, a digital forensic examiner, and a sexuality expert are denied.**

In his Motion for Science, Boukamp asks for the appointment of an "aide/expert to assist [him] with research" in "rebutting the scientific evidence offered by the government through their experts."  Dkt. No. 180 at 1.  Boukamp fails to identify what scientific evidence or government experts he seeks to rebut or on what basis he seeks to do so.  Moreover, he generally asks for a research "aide/expert" but fails to identify what kind of aide or expert is necessary for his defense.  *Id.*  Therefore, the Court finds that Boukamp fails to "demonstrate with specificity, the reasons why such services are required" or what services he requests.  *Gadison*, 8 F.3d at 191 (emphasis omitted).  Boukamp's Motion for Science (Dkt. No. 180) is denied.

In his Motion for Expert Witnesses, Boukamp asks for the appointment of a "digital forensic examiner to inspect the contents of the digital exhibits offered by the government."  Dkt. No. 181 at 1.  His asserted reason is that "[m]essages from M.W. are incomplete, and the Discord chat has some discrepancies [he] would like sorted out."  *Id.*  Based on his allegations that electronic messages from M.W. are incomplete, Boukamp seems to assert that the government has left out some messages from its discovery.  The government has already provided its full discovery to Boukamp, including all the electronic messages—Discord or otherwise—that it possesses.  *See* Dkt. Nos. 139, 163.  Therefore, a digital forensic examiner who inspects the contents of the government's digital exhibits—the messages themselves—will not uncover missing messages.  And Boukamp has not requested electronic messages between him and M.W. that fall outside of the government's discovery.

Boukamp also notes that "the Discord chat has some discrepancies [he] would like sorted out." Dkt. No. 181 at 1. But he fails to note what these discrepancies are or how a digital forensic examiner would help him to sort out these generically alleged discrepancies.

Most importantly, Boukamp fails to demonstrate why the services of a digital forensic examiner are necessary for an adequate defense of his case. Section 3006A(e)(1) does not require the Court to permit an all-expenses-paid fishing expedition for additional evidence on the off chance that relevant or exculpatory evidence would be found. *See Gadison*, 8 F.3d at 191. Here, Boukamp has not identified the potential relevance of a digital forensic examiner or a theory of defense he is pursuing with respect to the messages. *See generally Davis*, 582 F.2d 947; *Hardin*, 437 F.3d at 466–70. Therefore, Boukamp's motion for a digital forensic examiner is denied.

In his Motion for Expert Witnesses, Boukamp also requests the appointment of "a doctor to discuss the psychology behind" his conversations with the minor victim, "teenage sexuality, role-play, etc…. as a rebuttal to the ideas of enticement and stalking." Dkt. No. 181 at 1. He suggests that the Court appoint Dr. Justin Lehmiller, a social psychologist and sexuality researcher.[1] Critically, however, Boukamp fails to explain what he is trying to rebut as to the enticement and cyberstalking charges against him. He fails to identify any theory of defense that a sexuality expert would help him in substantiating, and the Court can discern none. Additionally, the Court cannot find one case in which a sexuality expert was appointed under Section 3006A(e) for any offense. Because Boukamp has failed to demonstrate with specificity why the services of a sexuality expert are required for an

---

[1] Sex & Psychology, *About Dr. Lehmiller*, https://www.sexandpsychology.com/about-dr (last visited May 30, 2022).

adequate defense of his case, the Court denies his motion for a sexuality expert. *See Gadison*, 8 F.3d at 191.

### 3. The Court sets an ex parte hearing on Boukamp's motion for a sexual assault expert.

In his Motion for Expert Witnesses, Boukamp also requests the appointment of a "medical examiner to review the [Sexual Assault Nurse Examiner] report and explain it to [him] so that [he] may effectively prepare for cross-examination, and if conclusions differ between experts, potentially call him/her to testify." Dkt. No. 181 at 1. The government has named Rachel Stone Gourley, the emergency-room nurse who performed the sexual assault examination on Jane Doe, as a probable expert witness. Dkt. No. 151 at 3. Presumably, Boukamp is requesting a sexual assault expert in order to effectively prepare to cross-examine Gourley and possibly call such expert to testify. *See* Dkt. No. 181 at 1. To determine whether a sexual assault expert should be appointed for Boukamp, the Court will conduct an ex parte hearing with Boukamp at 10:00 a.m. on June 1, 2022. Boukamp shall be prepared to (1) testify as to his alleged financial inability to obtain expert witnesses, as indicated in his financial affidavit (Dkt. No. 157); and (2) explain with specificity why the services of a sexual assault expert are necessary for an adequate defense of his case.

Furthermore, standby counsel shall immediately begin locating a sexual assault nurse examiner—or an otherwise qualified sexual assault expert—who will be able to review and potentially testify on the sexual assault examination report concerning Jane Doe as well as speak with Boukamp about it. Standby counsel shall have such expert prepared to assist Boukamp in his defense should the Court grant Boukamp's motion for a sexual assault expert. Finally, standby counsel or his designee shall provide a copy of this order to Boukamp as soon as possible.

In sum, the Court denies the Motion for Science (Dkt. No. 180); denies the Motion for Expert Witnesses's request for a digital forensic examiner (Dkt. No. 181); and denies the Motion for Expert Witnesses's request for a sexuality expert (Dkt. No. 181).  The Court sets an ex parte hearing at 10:00 a.m. on June 1, 2022, at the United States District Court, 1205 Texas Ave, Lubbock, TX 79401, to resolve his request for a forensic nurse examiner (Dkt. No. 181).

So ordered on May 31, 2022.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE