IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA

v.                                                         NO. 5:20-CR-165-H

THOMAS JOHN BOUKAMP

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISMISSAL WITH STIPULATIONS AND CHANGE OF VENUE

The United States of America ("Government") files its Response to Defendant's

Motion for Dismissal with Stipulations and Change of Venue as follows:

Thomas John Boukamp makes two requests in his motion.   First, he asks this

Court to dismiss the charges in this case so that the State of Michigan can "attempt to"

indict him.   Second, he asks for a change of venue to the Western District of Michigan.

Neither request finds any support in the law.

**A.     Boukamp fails to make a *prima facie* case for selective prosecution.**

The Government enjoys broad discretion in determining who to prosecute.   *See*

*Wayte v. United States*, 470 U.S. 598, 607 (1985).   "Absent evidence that the decision to

institute federal prosecution was improperly motivated or based on a constitutionally

impermissible classification, prosecution in federal rather than state court does not

transgress due process even without guidelines for such referral."   *United States v.*

*Harden*, 37 F.3d 595, 598 (11th Cir. 1994) (citation omitted); *see United States v. Carter*,

953 F.3d 1449, 1461-62 (5th Cir. 1992).   Accordingly, Boukamp's only cognizable claim is one of selective prosecution.

To assert a selective prosecution claim, Boukamp must prove two things to establish a *prima facie* claim.   *United States v. Hoover*, 727 F.2d 387, 389 (5th Cir. 1984).   First, he must "make a *prima facie* showing that he has been singled out for prosecution while others similarly situated and committing the same acts have not."   *Id*. (quotations omitted).   Second, he "must then demonstrate that the government's discriminatory selection of him for prosecution has been invidious or in bad faith in that it rests upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights."   *Id*. (quotations omitted).

In making these requisite showings, the defendant must rebut the presumption that the government made its decision to prosecute in good faith and in a nondiscriminatory manner.   *United States v. Webster*, 162 F.3d 308, 334 (5th Cir. 1998) (quotations omitted).   Here, Boukamp fails to allege—much less prove—that he has been singled out for prosecution while others similarly situated and committing the same acts have not. Accordingly, Boukamp's selective prosecution claim can be summarily dismissed.

**B.      Boukamp has not proven he is entitled to a change of venue.**

Boukamp next asks for a change in venue to the Western District of Michigan. Rule 21 governs transfers to another District.   *United States v. Lipscomb*, 299 F.3d 303,

340 (5th Cir. 2002).   There are two provisions to Rule 21 that could conceivably afford

Boukamp relief.

Rule 21(a) governs a transfer for prejudice.   *See* FED. R. CRIM. P. 21(a).   A

district court is not required to grant a motion to transfer venue pursuant to Rule 21(a) of

the Federal Rules of Criminal Procedure absent a strong showing of prejudice.   *United

States v. Wilcox*, 631 F.3d 740, 747 (5th Cir. 2011).   A "court must transfer a criminal

proceeding to another district if the court is satisfied that so great a prejudice against the

defendant exists in the transferring district that the defendant cannot obtain a fair and

impartial trial there."   *Id.* (quotations omitted).   Here, Boukamp fails to allege or prove

any prejudice so great that he could not receive a fair and impartial trial in this District.

Accordingly, his motion fails to support a venue transfer under Rule 21(a).

Rule 21(b) governs a transfer for convenience.   *See* FED. R. CRIM. P. 21(b).

Under Rule 21(b) of the Federal Rules of Criminal Procedure, "upon the defendant's

motion, the court may transfer the proceeding, or one or more counts, against that

defendant to another district for the convenience of the parties, any victim, and the

witnesses, and in the interest of justice."   A defendant does not have a right to be tried in

his own home district; trial is proper in any federal judicial district in which venue may

lie.   *United States v. Spakowski*, No. 93-1353, 1994 WL 442370, at *8 (5th Cir. July 26,

1994) (citations omitted).

In deciding whether to transfer venue under this section, the district court should consider: "(1) the location or residence of the defendant; (2) the location of possible witnesses; (3) the location of events likely to be in issue; (4) the location of documents and records likely to be involved; (5) the parties' expenses; (6) the location of counsel; (7) the relative accessibility of place of trial; (8) the docket condition of each district or division involved; and (9) any other special elements which might affect the transfer." *United States v. Rodgers*, No. CR 21-03-01, 2021 WL 3779846, at *2 (W.D. La. Aug. 25, 2021) (citing *United States v. Ubak-Offiong*, 364 F. App'x 859, 862-63 (5th Cir. 2010)). Other courts, both within and outside the Fifth Circuit, have generally recognized a presumption in favor of the Government's choice of forum, so long as venue is proper. *United States v. Grimaldo*, No. Crim. A. 11-95, 2015 WL 5944301, at *2 (E.D. La. Oct. 13, 2015).

Even without the presumption, the factors in this case strongly weigh against a transfer.   The defendant, acting as his own counsel, is here.   Nearly all the non-law enforcement witnesses are here.   One of the two major events in this case occurred here. The exhibits, documents, and records are all here.   Counsel and stand-by counsel for all parties are here.   Most important, a transfer would cause an unnecessary delay in the trial of this case.   Boukamp has consistently complained about the (self-imposed) delay in trying this case.   Trial is scheduled in this district on June 14, 2022.   It would be impossible for the Western District of Michigan to try the case by that date as new

counsel, a new court, and new witness arrangements would all be necessary.   *Cf.*

*Rodgers*, 2021 WL 3779846, at *2 (" . . . as a transfer would likely result, by Rodgers'

own admission, in new local counsel being appointed to represent Rodgers, causing delay

and unnecessary burden.").   Consequently, there is no reason to transfer this case to the

Western District of Michigan.

## C.     Conclusion

Boukamp's motion to dismiss and motion for change of venue should be denied.

Respectfully submitted,

CHAD E. MEACHAM
UNITED STATES ATTORNEY


s/ Jeffrey R. Haag
JEFFREY R. HAAG
Assistant United States Attorney
West Texas Branch Chief
Texas Bar No. 24027064
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806.472.7559
Facsimile:   806.472.7394
E-mail:         jeffrey.haag@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this document was mailed to Thomas John Boukamp,

SO#217527, Lubbock County Detention Center, P.O. Box 10535, Lubbock, Texas

79408.

s/ Jeffrey R. Haag
Jeffrey R. Haag
Assistant United States Attorney
