IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 5:20-CR-165-H |
| THOMAS JOHN BOUKAMP | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS TO SUPPRESS**

The United States of America ("Government") files its Response to Defendant's Motion to Suppress Unlawful Interrogation and Its Fruits (Dkt. No. 174) and Motion for a More Glorious Defense of My Rights (Dkt. No. 184) (hereinafter collectively referred to as Defendant's Motions to Suppress) as follows:[1]

Thomas John Boukamp filed two separate motions dealing with suppression issues. First, he asks this Court to suppress his interrogation and the evidence obtained from the search of his vehicle. Dkt. No. 174. Next, he asks this Court to suppress items of evidence he claims were illegally obtained, or overly prejudicial, including Discord messages from the victim, "Jane Doe's," computer and Discord account, his personal information from Google or Discord, and items obtained from the search of his family home, including text messages and notes located on his cell phone. The defendant's

---

[1] For the purposes of this response, the government respectfully requests the Court consider the facts recited in the Government's Sealed Response to Defendant's Motion to Suppress and Brief in Support, Dkt. No. 32.

Government's Response to Defendant's Motions to Suppress – Page 1

motions should be denied.

As a preliminary matter, Boukamp requests a hearing on his Motion for a More Glorious Defense and asked the Court to order Doe to testify at that hearing. "Evidentiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief. *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). General or conclusionary assertions, founded upon mere suspicion or conjecture, will not suffice. *Id*.

A hearing and testimony are unnecessary for the resolution of Boukamp's motion. Most of his requests can be addressed by referring to the four corners of a search warrant or are foreclosed by well-settled law. Accordingly, this Court should deny his request for a hearing.

## A.   Boukamp's request to suppress his interview is moot.

In the Motion to Suppress Unlawful Interrogation and Its Fruits (Dkt. No. 174), Boukamp asks this Court to suppress statements made by him to the FBI in an interview conducted on November 22, 2020. Because the Government is not intending to offer the evidence that Boukamp seeks to suppress, this Court should deny his motion to suppress his interview as moot. *See United States v. Williams*, No. 14-250, 2015 WL 5970326, at *5 (E.D. La. Oct. 14, 2015) ("At oral argument, the Government stated that it did not intend to illicit evidence of this statement at trial. Accordingly, the Court will deny Williams's motion [to suppress] as to this issue because it is now moot.").

**B.     The FBI had a valid federal search warrant to search Boukamp's car.**

Next, Boukamp asks this Court to suppress evidence obtained from his car. In support of his request, Boukamp alleges that "officers learned about my use of the car through this interrogation, therefore its search is unreasonable because the knowledge was garnered through an involuntary statement gathered from officers acting without regard for the law." Dkt. No. 174, p. 3. This allegation is false.

Before the search of the defendant's home and vehicle, FBI agents obtained a search warrant in the Western District of Michigan allowing for the search of evidence of a crime; contraband and fruits of a crime, or other items illegally possessed; and property designed for use, intended use, or used in committing a crime regarding a violation of Title 18, United States Code, Section 2422(a), Enticement of a Minor. Exhibit 1. The search warrant specifically authorized the search of: "*all other buildings, structures, places and vehicles on [the] premises* and within the curtilage . . . ." Exhibit 1, p. 14 (emphasis added). The affidavit in support of the search warrant requested that the court issue the search warrant for the residence at 10982 S. Lake Street, Alden, Michigan, "including any external storage structures and vehicles under the control of Thomas John Boukamp or any other individuals located on the property, and any cellular telephones, computers, and associated devices…" Exhibit 1, p. 8.

Law enforcement knew of the existence of the red Chevrolet Cruze before obtaining the search warrant. In the affidavit for the search warrant, the affiant stated:

"In the early morning hours, on 11/22/2020, Special Agents from the FBI observed a red, Chevrolet Cruze four door vehicle, bearing MI license plate EGH8750, at 10982 S. Lake Street, in Alden, Michigan. This vehicle shows to be registered to Marianne Boukamp." Exhibit 1, ¶ 41. The red Chevrolet Cruze was located on the property where the defendant was located and was believed to be used by the defendant to pick Doe up in Lubbock and transport her to Michigan.

Because law enforcement searched Boukamp's car pursuant to a search warrant, rather than because of any interview of Boukamp, the Court should summarily dismiss Boukamp's request to suppress the evidence obtained from his car. *See*, *e.g.*, *United States v. Leon*, 468 U.S. 897, 922-23 (1984) (holding evidence obtained by law enforcement in objectively reasonable good-faith reliance upon a search warrant is not subject to the exclusionary rule).

**C.    The search of Jane Doe's computer and Discord account was lawful.**

In his Motion for a More Glorious Defense, the defendant asks the Court to suppress the search and seizure of the victim's computer and the Discord account "dork" as a violation of his right to privacy. As part of his argument, Boukamp claims—without any supporting evidence—that the "dork" account was his. Dkt. No. 184, p. 5.

Boukamp's claimed ownership of the Discord account does not alter the expectation-of-privacy analysis. "It is well settled that when an individual reveals private information to another, he assumes the risk that his confidant will reveal that

information to the authorities." *United States v. Shelton*, 337 F.3d 529, 537 (5th Cir. 2003) (quoting *United States v. Jacobsen*, 466 U.S. 109, 117 (1984)).   Here, Boukamp did not take any measures to secure the account or make it "his," such as by changing the password.   *Cf. Shelton*, 337 F.3d at 536-37 (holding defendant had no reasonable expectation of privacy vis-à-vis his wife after she moved out because he took no action to limit her access to the residence.); Exhibit 2.[2]   Doe had full access to the "dork" account and, therefore, Boukamp had no reasonable expectation of privacy in that account.   This issue was previously litigated in the defendant's Amended Motion to Suppress (Dkt. No. 48) and the government's response (Dkt. No. 32) and ruled on in the Court's order (Dkt. No. 51).   Because nothing has changed with Boukamp's unsupported allegation that the "dork" account was his, this Court can deny Boukamp's request to suppress the Discord messages.

**D.      The subscriber information from administrative subpoenas was lawfully obtained.**

Boukamp next requests to suppress the personal information obtained through use of administrative subpoenas.   Dkt. No. 184, p. 6-7.   Boukamp mentioned Google and Discord and said the information included his "[n]ame, address, IP, phone number etc…"   To clarify, during the investigation, law enforcement obtained, and attempted to obtain,

---

[2] Exhibit 2 is the last two pages of Government's Exhibit 1 for trial and reflects messages exchanged between Boukamp and his victim on November 13, 2020, the day Doe went missing.

subscriber information from T-Mobile, Verizon, and Google, not Discord.   This information was obtained using administrative subpoenas.

"Every federal court to address this issue has held that subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation." *United States v. Perrine*, 518 F.3d 1196, 1204 (10th Cir. 2008).   This is because "[d]isclosure of this non-content information to a third party destroys the privacy expectation that might have existed previously."   *United States v. Hambrick*, No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000).

Here, law enforcement obtained non-content subscriber information from Verizon and Google that the Government intends to use as evidence at trial.   Because Boukamp had no reasonable expectation of privacy in this information, his Fourth Amendment challenge must fail.

**E.**     **The search warrant for Boukamp's cell phone was not overbroad.**

Last, the defendant claims the search warrant used to search his home and electronics was overbroad and law enforcement had no authority to search all areas of his phone, and so certain material obtained from his cell phone should be suppressed. Dkt. No. 184, p. 7-8.   The defendant cites no authority to support this argument.

A valid search warrant may only be issued upon a showing of probable cause that the object of the search is located at the particular place to be searched.   *Steagald v. United States*, 451 U.S. 204, 213 (1981).   If officers executing the warrant "can with

reasonable effort ascertain and identify the place intended," the Fourth Amendment's particularity requirement is met.  *Maryland v. Garrison*, 480 U.S. 79, 84 (1987).  The warrant must also show the "nexus… between the item to be seized and criminal behavior."  *Warden v. Hayden*, 387 U.S. 294, 307 (1967).  This Court should review the magistrate judge's decision to issue the search warrant in question with great deference only examining whether the magistrate had a "substantial basis" for determining that probable cause existed.  *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983).

The search warrant issued by the Western District of Michigan (Exhibit 1) was not overbroad and was a valid warrant resulting in the collection of valid evidence.  This warrant described the investigation that occurred up to the point the warrant was signed including facts to support the probable cause that the defendant committed a violation of Title 18, United States Code, Section 2422(a), for enticing a minor to travel in interstate commerce for criminal sexual activity.  Based on the facts stated in the affidavit to the search warrant, the court authorized a search of Boukamp's residence, vehicle, and any computers and cellular telephones, among other items.  Electronic items would be a logical source of evidence of the crime alleged in the search warrant because it was believed that the defendant used the Discord platform on the Internet to communicate with Doe and entice her to travel with him.  Exhibit 1, ¶¶ 13-34.

During the search of Boukamp's residence, the FBI located an iPhone 6s with serial number FFMTQ85KGRYG and IMEI number 356647080743501.  A subsequent

search of that phone was conducted based on the same search warrant. That search revealed, among other items, evidence of the defendant communicating with other females in a similar nature to his communications with Doe and notes saved to the defendant's phone about the victim, other possible victims, and his feelings about rape. The government intends to offer a redacted portion of the extraction of the notes section of his cell phone at trial. Exhibit 3.[3] This material was located in areas of the phone that would have been logical to search for evidence of the crime of enticement of a minor. That is made most obvious by the fact that he did in fact have notes saved in his phone memorializing his knowledge of Doe and plans to pick her up and take her to Michigan.

The defendant does not cite any case law supporting his proposition that law enforcement should not have searched his social media or notes on his phone, but his argument touches on issues addressed in *United States v. Morton*, 984 F.3d 421 (5th Cir. 2021), which was vacated by the Fifth Circuit pending rehearing en banc. *See United States v. Morton*, 996 F.3d 754 (5th Cir. 2021). Moreover, this Court, following *United States v. Triplett*, 684 F.3d 500 (5th Cir. 2012), has held that law enforcement need not specify each category of an electronic device to be searched, but "may be as extensive as reasonably required to locate the items described in the warrant based on probable

---

[3] Exhibit 3 is more heavily redacted than the exhibit the government intends to admit at trial. For purposes of this motion, the victim's identifying information was redacted from this document.

cause." *United States v. Edwards*, No. 1:20-CR-068-H, 2021 WL 7278984, at *4-5 (N.D. Tex. Aug. 23, 2021) (Hendrix, J.).

Here, law enforcement had probable cause to search the phone, which was the "place" for Fourth Amendment purposes, for particular evidence of the crime of enticement of a minor, and, as a result, located evidence of that crime and intends to introduce it at trial. Because the warrant was not overbroad, this Court should deny Boukamp's request to suppress the evidence obtained from his cell phone.

### F. Conclusion

For the reasons stated above, the United States respectfully requests this Court deny Boukamp's motions to suppress.

        Respectfully submitted,

        CHAD E. MEACHAM
        UNITED STATES ATTORNEY

        s/ Callie Woolam
        CALLIE WOOLAM
        Assistant United States Attorney
        Texas Bar No. 24075306
        1205 Texas Avenue, Suite 700
        Lubbock, Texas 79401
        Tel:   806-472-7564
        Fax:   806-472-7394
        Email:   callie.woolam@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of this document was mailed to Thomas John Boukamp, SO#217527, Lubbock County Detention Center, P.O. Box 10535, Lubbock, Texas 79408.

s/ Callie Woolam
Callie Woolam
Assistant United States Attorney