UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS JOHN BOUKAMP,<br><br>    Defendant. | No. 5:20-CR-165-H |

## NOTICE OF PRO SE TRIAL PROCEDURES

In light of the defendant's pro se status, the Court informs the defendant of several trial-related matters.

First, the Court has "broad discretion to require" a pro se defendant to testify "in question-and-answer, rather than narrative, form." *United States v. Rodriguez-Aparicio*, 888 F.3d 189, 196 (5th Cir. 2018) (collecting sources). The Court informs the defendant that, should he testify at trial, he must do so in the form of asking himself questions and answering them. The defendant may not testify in narrative form.

Second, the Court informs the defendant that he may not testify at opening statements or closing arguments. Opening statements are limited to introducing the dispute and outlining the anticipated testimony and evidence at trial. Arguments or testimony are not allowed. *See Atl. Coast Line R.R. Co. v. Kammerer*, 218 F.2d 149, 150 (5th Cir. 1955) (noting that an attorney delivering an opening statement "did not confine himself to a simple statement of the issues presented by the pleadings, or to the facts that he intended to prove by the witnesses, but . . . went further and made an inflammatory speech to the jury upon the merits of the case, discussing both the law and the facts in strong language and stating facts that would be clearly inadmissible in evidence"); *United States v. Dinitz*, 424 U.S.

600, 612 (1976) (Burger, C.J., concurring).  Closing arguments come after the close of the evidence.  A party may present arguments and summarize the evidence presented, but no additional testimony is allowed.  *See United States v. Dorr*, 636 F.2d 117, 120 (5th Cir. 1981).

Third, the defendant must examine witnesses by asking questions and permitting the witness to answer.  He may not give speeches or attempt to testify during witness examination.

Fourth, the Court informs the defendant that, although he is representing himself, the Court "may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *United States v. Long*, 597 F.3d 720, 726 (5th Cir. 2010) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).  "The right of self-representation is not a license to abuse the dignity of the courtroom.  Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta*, 422 U.S. at 834 n.46.  If, at any time, the defendant willfully disregards an order of the Court or a rule of law or otherwise engages in serious and obstructionist misconduct, the defendant may "lose his right to *pro se* status," and the Court will appoint standby counsel to represent the defendant for the remainder of the trial.  *Id.* at 726–29; *see Martinez v. Ct. of Appeal of Ca., Fourth App. Dist.*, 528 U.S. 152, 162 (2000) ("A trial judge may also terminate self-representation or appoint 'standby counsel'—even over the defendant's objection—if necessary.").

Fifth, the Court cautions the defendant to treat the minor victim and her family members with dignity and respect during his questioning and the trial in general.  Under 18 U.S.C. § 3771(a), crime victims have "[t]he right to be reasonably protected from the accused" and "[t]he right to be treated with fairness and with respect for the victim's dignity

and privacy." *See also Maryland v. Craig*, 497 U.S. 836, 852 (1990) ("We have of course recognized that a State's interest in 'the protection of minor victims of sex crimes from further trauma and embarrassment' is a 'compelling' one.") (quoting *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 607 (1982)). The minor victim's interest in "dignity and privacy" and her "right to be reasonably protected from the accused" can extend to the victim's family also. 18 U.S.C. §§ 3771(a) & (e)(2)(B) ("In the case of a crime victim who is under 18 years of age . . . family members . . . may assume the crime victim's rights under this chapter."). The defendant is cautioned against improperly harassing the minor victim or her family members—or any witness—during his questioning and the trial in general. Serious and obstructionist conduct bearing no relevance to the charges at hand may cause the defendant to "lose his right to *pro se* status." *Long*, 597 F.3d at 726.

    So ordered on June 7, 2022.

                                               JAMES WESLEY HENDRIX
                                               UNITED STATES DISTRICT JUDGE