IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS JOHN BOUKAMP | NO. 5:20-CR-165-H |

## UNITED STATES OF AMERICA'S MOTION TO EXCLUDE THE TESTIMONY OF DR. NATALIE MONTFORT AND DR. MICHELLE GARCIA

The United States of America (Government) files this Motion to Exclude the Testimony of Dr. Natalie Montfort and Dr. Michelle Garcia.

In his witness list, the Defendant stated that Dr. Montfort and Dr. Garcia will testify "as to [his] personal disability and how it will affect my demeanor in court as well as the entire judicial process."  The Government files this motion to exclude their testimony because it would be inadmissible at trial.

As a preliminary matter, Dr. Montfort and Dr. Garcia would have to testify as an expert witness.  The Defendant has not timely designated either Dr. Montfort or Dr. Garcia as an expert witness.

Even if the Defendant had timely designated them as expert witnesses, their testimony would be inadmissible at trial.  Boukamp has not asserted an insanity defense and, at this point, is precluded from doing so.  *See* FED. R. CRIM. P. 12.2(a).

Assuming that the Defendant intends to call Dr. Montfort and Dr. Garcia to negate the mental state required for the charged offenses, their testimony would still be inadmissible.  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993),

provides the analytical framework for determining whether expert testimony is admissible under Rule 702 of the Federal Rules of Evidence. *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). Under *Daubert*, a district court judge must make a preliminary determination that expert testimony is both relevant and reliable before admitting that evidence. *See Daubert*, 509 U.S. at 589, 592. This involves a two-step inquiry. First, the district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id*. at 592-93. Second, it must "assist the trier of fact to understand the evidence or to determine a fact in issue." *Id*. at 591. In other words, it must be relevant.

Expert testimony is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. However, even relevant expert testimony may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Here, Dr. Montfort and Dr. Garcia's testimony is irrelevant. Dr. Montfort and Dr. Garcia's diagnosis of Boukamp having Autism Spectrum Disorder (ASD) is irrelevant to the charges against him or a valid defense. *Cf. United States v. Eff*, 524 F.3d 712, 718 (5th Cir. 2008) (affirming district court's exclusion of defendant's expert testimony that defendant had Klinefelter's Syndrome because it was irrelevant to his insanity defense);

*United States v. Morazan-Alvarez*, 535 Fed. Appx. 363, 368-70 (5th Cir. 2013) (affirming district court's exclusion of defendant's expert testimony that she suffered from post-traumatic stress disorder because it was irrelevant to the alien smuggling offense or a duress defense); *United States v. Ngo*, Crim. Action H-17-413, 2020 WL 1234186, at *3 (S.D. Tex. Mar. 13, 2020) (excluding expert testimony of Dr. Diane Mosnik that defendant had "high functioning autism" because it was irrelevant and would confuse the jury).[1]

In fact, Boukamp appears to seek Dr. Montfort and Dr. Garcia's testimony for an impermissible defense. Congress intended to preclude defenses that permit exoneration or mitigation of an offense because of a defendant's supposed psychiatric compulsion or inability or failure to engage in normal reflection. *Eff*, 524 F.3d at 719 (quoting *United States v. Pohlot*, 827 F.2d 889, 890 (3d Cir. 1987)). Presumably, Dr. Montfort and Dr. Garcia would discuss Boukamp's low social intelligence and inability to relate with others, but that would not meet the standard required for an insanity defense. *Cf. Eff*, 524 F.3d at 319 ("It thus appears that [the defendant's] insanity defense is really based on his lack of volition, and Congress specifically precluded this brand of insanity defense."). Accordingly, any potential testimony about Boukamp's ASD would be irrelevant. *See Ngo*, 2020 WL 1234186, at *3.

Even assuming—for the sake of argument—that Dr. Montfort and Dr. Garcia's testimony was relevant, this Court should exclude their testimony under Rule 403. This

---

[1] Interestingly, Dr. Mosnik relied, in part, on Dr. Montfort's prior opinion that the defendant was autistic in reaching her diagnosis. *See id*. at p. 1.

**United States of America's Motion to Exclude the Testimony of**
**Dr. Natalie Montfort and Dr. Michelle Garcia - Page 3**

Court may exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice, confusing of the issues, or misleading the jury. FED. R. EVID. 403. As previously discussed, Dr. Montfort and Dr. Garcia's testimony has no probative value. It appears to be little more than a thinly-veiled attempt to get Boukamp's ASD before the jury and, thus, curry their sympathy. *Cf. United States v. Cartagena-Carrasquillo*, 70 F.3d 706, 712 n.3 (1st Cir. 1995) ("We also note, but do not rest our decision on, the trial judge's concern under Rule 403. The proffered insanity defense, supported only by vague, weak and conclusory testimony, could skeptically be viewed as only a pretext to get before the jury the extremely sad and sympathetic story of a much decorated Vietnam war hero gone far astray."). Not only would Dr. Montfort and Dr. Garcia's testimony be unfairly prejudicial, but their testimony would confuse the issues before the jury and erroneously lead them to the believe that Boukamp's mental state at the time of the offense is at issue. *See Ngo*, 2020 WL 1234186, at *3.

      This Court should exclude the proposed expert testimony of Dr. Montfort and Dr. Garcia. In the alternative, the Government asks this Court to conduct a *Daubert* hearing on these witnesses wherein Boukamp will bear the burden of demonstrating that the testimony of Dr. Montfort and Dr. Garcia is relevant and reliable. *See United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004).

Case 5:20-cr-00165-H-BQ   Document 226   Filed 06/12/22   Page 5 of 5   PageID 1782

Respectfully submitted,

CHAD E. MEACHAM
UNITED STATES ATTORNEY

s/ Jeffrey R. Haag
JEFFREY R. HAAG
Assistant United States Attorney
West Texas Branch Chief
Texas State Bar No. 24027064
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806.472.7559
Facsimile:    806.472.7394
E-mail:         jeffrey.haag@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of this document was mailed to Thomas John Boukamp, SO#217527, Lubbock County Detention Center, P.O. Box 10535, Lubbock, Texas 79408.

s/ Jeffrey R. Haag
Jeffrey R. Haag
Assistant United States Attorney

**United States of America's Motion to Exclude the Testimony of
Dr. Natalie Montfort and Dr. Michelle Garcia - Page 5**