UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 16 2022

CLERK, U.S. DISTRICT COURT
By_____
     Deputy

UNITED STATES OF AMERICA,

      Plaintiff,

v.

THOMAS JOHN BOUKAMP,

      Defendant.

No. 5:20-CR-165-H

## COURT'S CHARGE TO THE JURY

### 1.    Introduction to Final Instructions

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

2.      **Duty to Follow Instructions**

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**3.    Presumption of Innocence, Burden of Proof, Reasonable Doubt**

The indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The defendant begins with a clean slate.  The law does not require a defendant to prove his innocence or produce any evidence at all.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.  While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

**4.   Evidence—Excluding What is Not Evidence**

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by a lawyer, or the defendant made while acting as his own advocate, are not evidence. The demeanor of the lawyers—and the defendant while acting as his own advocate—is not evidence and must not affect your deliberations or verdict.

The function of lawyers, and of the defendant when acting as his own advocate, is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers, and the defendant when acting in the capacity of an advocate, say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to

4

you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

**5.     Evidence—Inferences—Direct and Circumstantial**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

## 6.    Credibility of Witnesses

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions:

1.    Did the witness impress you as honest?

2.    Did the witness have any particular reason not to tell the truth?

3.    Did the witness have a personal interest in the outcome of the case?

4.    Did the witness have any relationship with either the government or the defense?

5.    Did the witness seem to have a good memory?

6.    Did the witness clearly see or hear the things about which he or she testified?

7.    Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? and

8.    Did the witness's testimony differ from the testimony of other witnesses?

These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

7.    **Impeachment by Prior Inconsistencies**

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## 8.    Expert Opinion Testimony

During the trial you heard the testimony of (1) Detective Derick Smith, who expressed opinions about forensically examining and extracting evidence from devices obtained from the defendant; (2) John Wuerflein, who expressed opinions about forensically interviewing children, the types of disclosures children make, patterns of grooming, and the alleged victim; (3) Rachel Stone Gourley, who expressed opinions regarding her sexual-assault examination of the alleged victim and the trauma effects on victims of abuse and sexual assault; (4) Michelle M. Egermann Schmitt, who expressed opinions regarding her testing of the alleged victim's DNA samples against the defendant's DNA samples; and (5) Special Agent Mark Sedwick, who expressed opinions regarding the activity and approximate locations of the cellular telephone believed to have been used by the defendant on the approximate dates and times relevant to the investigation of this case.  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.  You should judge such testimony like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

**9.      Summaries and Charts Not Received in Evidence**

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.

**10.    Summaries and Charts Received in Evidence Pursuant to Federal Rule of Evidence 1006**

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

The charts and summaries include inferences or conclusions drawn from the records underlying them. It is up to you to determine if these inferences or conclusions are accurate.

The underlying records are the best evidence of what occurred.

## 11.    On or About

You will note that the indictment charges, for each count, that the offense was committed on or about a specific date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the dates stated in the indictment.

**12.** **Caution—Consider Only Crime Charged**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

**13.     Caution—Punishment**

If the defendant is found guilty, it will be my duty to decide what the punishment will be.  You should not be concerned with punishment in any way.  It should not enter your consideration or discussion.

14.    **Single Defendant – Multiple Counts**

A separate crime is charged in each count of the indictment.  Each count, and the evidence pertaining to it, should be considered separately.  The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## 15.  "Knowingly" – To Act

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

**16.    Interstate Commerce – Defined**

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

**17.    Foreign Commerce – Defined**

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

## 18.   Commerce – Defined

Commerce includes travel, trade, transportation, and communication

**19.    "Affecting Commerce" – Defined**

"Affecting commerce" means that there is any effect at all on interstate or foreign commerce, however minimal.

**20.  Transportation of a Minor with Intent to Engage in Criminal Sexual Conduct**

With regard to Count One of the Second Superseding Indictment, Title 18, United States Code, Section 2423(a), makes it a crime to transport an individual under 18 years old in interstate or foreign commerce with the intent that the individual engage in sexual activity for which any person can be charged with a criminal offense.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

    1.    The Defendant knowingly transported "Jane Doe" in interstate or foreign commerce;

    2.    At the time of the transportation, "Jane Doe" was less than 18 years old; and

    3.    At the time of the transportation, Defendant intended that "Jane Doe" would engage in unlawful sexual activity.

It is not necessary for the Government to prove anyone actually engaged in illegal sexual activity after being transported across state lines.  The Government must prove beyond a reasonable doubt that a person under 18 years old was knowingly transported across state lines by the Defendant and that the Defendant intended at the time for the person under 18 to engage in illegal sexual activity.

The Government must prove that if the intended sexual activity had occurred, the Defendant could have been charged with a criminal offense under the laws of Michigan.

Under Michigan law, it is a crime to engage in sexual penetration with another person when the other person is at least 13 years of age and under 16 years of age.  "Sexual penetration" means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other

intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required.

To "transport in interstate commerce" means to move or carry someone, or cause someone to be moved or carried, from one state to another. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. It is not necessary to show that the Defendant knew that state lines were being crossed, but the Government must prove that state lines were crossed.

21.     **Travel with Intent to Engage in Illicit Sexual Conduct**

With regard to Count Two of the Second Superseding Indictment, Title 18, United States Code, Section 2423(b), makes it a crime to travel in interstate commerce for the purpose of engaging in illicit sexual conduct.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1.     The Defendant traveled in interstate commerce; and

2.     The Defendant traveled for the purpose of engaging in illicit sexual conduct.

For purposes of this offense, the term "illicit sexual conduct" means a sexual act with a person who is under 16 years of age and is at least four years younger than the Defendant.

The term "sexual act" means:

- contact between the penis and the vulva, or the penis and the anus, involving penetration however slight; or

- contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

- the penetration—however slight—of another person's anal or genital opening by a hand, finger, or any object, with an intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person; or

- an intentional touching—not through the clothing—of the genitalia of a person younger than 16 years old, with the intent to abuse,

24

humiliate, harass, or degrade the person, or to arouse or gratify the

sexual desire of the Defendant or any other person.

The Government does not have to show that the Defendant's only purpose in traveling in interstate commerce was to engage in illicit sexual conduct, but the Government must show that it was one of the motives or purposes for the travel. In other words, the Government must show that the Defendant's criminal purpose was not merely incidental to the travel.

**22.    Enticement and Attempted Enticement of a Minor**

With regard to Count Three of the Second Superseding Indictment, Title 18, United States Code, Section 2422(b) makes it a crime for anyone to knowingly persuade, induce, entice, coerce a person under 18 years old to engage in any sexual activity for which any person can be charged with a criminal offense by use of any facility or means of interstate or foreign commerce.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

1.    That the defendant knowingly persuaded, induced, enticed, coerced, an individual to engage in any sexual activity as charged;

2.    That the defendant used the Internet, a cell phone, or any facility or means of interstate or foreign commerce to do so;

3.    That the defendant believed that such individual was less than 18 years of age; and

4.    That, had the sexual activity actually occurred, the defendant could be charged with the criminal offense of Criminal Sexual Conduct in the Third Degree under the laws of the State of Michigan.

It is not necessary for the government to prove the individual was in fact less than 18 years of age, but it is necessary for the government to prove the defendant believed such individual to be under that age.

It is not necessary for the government to prove that the individual was actually persuaded, induced, enticed, or coerced into engaging in the described sexual activity, as long as it proves the defendant intended to persuade, induce, entice, or coerce the individual

26

to engage in some form of unlawful sexual activity with the defendant, and that the defendant knowingly took some action that was a substantial step toward bringing it about. A substantial step is conduct that strongly corroborates the firmness of the defendant's criminal attempt. Mere preparation is not enough.

As a matter of law, it is a crime under Michigan law to engage in sexual penetration with another person when the other person is at least 13 years of age and under 16 years of age. "Sexual penetration" means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required.

It is a crime for anyone to attempt to commit a violation of certain specified laws of the United States. In this case, the defendant is charged with attempting to knowingly persuade, induce, entice, coerce a person under 18 years old to engage in any sexual activity for which any person can be charged with a criminal offense by use of any facility or means of interstate or foreign commerce.

For you to find the defendant guilty of attempting to entice a minor, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

1.  That the defendant intended to commit the crime of enticement of a minor; and

2.  That the defendant did an act that constitutes a substantial step towards the commission of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation.

**23.    Receipt of Child Pornography**

With regard to Counts Four and Six of the Second Superseding Indictment, Title 18, United States Code, Section 2252(a)(2), makes it a crime to knowingly receive any visual depiction of a minor engaging in sexually explicit conduct.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

1.   That the defendant knowingly received a visual depiction, as alleged in the indictment, using any means or facility of interstate or foreign commerce; or

That the defendant knowingly received a visual depiction, as alleged in the indictment, which has been shipped or transported in or affecting interstate or foreign commerce; or

That the defendant knowingly received a visual depiction, as alleged in the indictment, that contained materials which had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

2.   That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

3.   That such visual depiction was of a minor engaged in sexually explicit conduct; and

4.   That the defendant knew that such visual depiction was of sexually explicit conduct and that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

To "receive" something means to knowingly accept or take possession of something. Receipt does not require proof of ownership.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "minor" means any person under the age of eighteen years.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation, sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual

coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

The term "production" includes copying or downloading visual depictions from another source.

24.    **Cyber Stalking**

With regard to Count Five of the Second Superseding Indictment, Title 18, United States Code, Section 2261A(2) makes it a crime to use any facility in interstate commerce, including interactive computer services or electronic communication services or systems, with the intent to stalk another person.

For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

1.    That the defendant used any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce;

2.    That the defendant did so with the intent to injure, harass, and intimidate another person; and

3.    That through the use of the computer interactive service, electronic communication service or system or other facility of interstate or foreign commerce, the defendant engaged in a course of conduct that caused, attempted to cause or would be reasonably expected to cause substantial emotional distress to that person; and

4.    That the defendant's conduct constituted sexual abuse of a minor.

There are three elements to sexual abuse of a minor:

1.    That the defendant knowingly engaged in a sexual act with Jane Doe;

2.    At the time of the sexual act, Jane Doe had reached the age of twelve years but had not yet reached the age of sixteen years; and

31

3.   At the time of the sexual act, Jane Doe was at least four years younger than the defendant.

"Course of conduct" means a pattern of conduct composed of two or more acts, evidencing a continuity of purpose.

The government need not prove that the defendant knew the age of the other person engaging in the sexual act or that the requisite age difference existed between the persons so engaging.

The term "sexual act" means: (A) contact between the penis and the vulva or the penis and the anus (contact occurs upon penetration, however slight); (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

**25.    Production and Attempted Production of Child Pornography**

With regard to Counts Seven through Sixteen of the Second Superseding Indictment, Title 18, United States Code, Section 2251(a), makes it a crime to employ, use, persuade, induce, entice, or coerce any minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

1.    That the defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct;

2.    That the defendant acted with the purpose of producing a visual depiction of such conduct; and

3.    That the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce; or

That the visual depiction was produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; or

That the defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

It is a crime for anyone to attempt to commit a violation of certain specified laws of the United States.  In this case, the defendant is charged with attempting to employ, use,

persuade, induce, entice, or coerce any minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

For you to find the defendant guilty of attempting to produce child pornography, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

1. That the defendant intended to commit the crime of production of child pornography; and

2. That the defendant did an act that constitutes a substantial step towards the commission of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation.

The terms "computer," "minor," "Sexually explicit conduct," and "visual depiction" have previously been defined in these instructions.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

## 26.    Duty to Deliberate

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

Dated June __16__, 2022.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE