**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CASE NO.: 5:20-CR-165-H |
| | § | |
| THOMAS JOHN BOUKAMP | § | |

**MOTION FOR NEW TRIAL**

COMES NOW, Thomas Boukamp, Defendant, and files his Motion for New Trial pursuant to Fed. R. Crim P. 33(a).

**I.    Procedural History**

The Government indicted Boukamp on December 9, 2020, with (1) Transportation of a Minor with Intent to Engage in Criminal Sexual Conduct, (2) Travel with Intent to Engage in Illicit Sexual Conduct, (3) Enticement of a Minor, (4) Receipt of Child Pornography, and (5) Cyber Stalking. Dkt. 6. On June 7, 2021, Boukamp's attorney filed an Unopposed Motion for Psychiatric Exam. Dkt. 20. An order granting this request was signed the following day. Dkt. 21. The Government subsequently filed a superseding indictment charging Boukamp with the same charges as the previous indictment with minor alterations. Dkt. 37. Then on August 6, 2021, the Government filed its own Motion for Psychiatric and Psychological Examination to Determine Competency and Sanity. Dkt. 84. The Government explained, "there is reasonable cause to believe [Boukamp] is incompetent or was insane at the time of the offense." On October 13, 2021, the Government filed a Second Superseding Indictment. The Government now charged Boukamp with (1) Transportation of a Minor with Intent to Engage in Criminal Sexual Conduct, (2) Travel with Intent to Engage in Illicit Sexual Conduct, (3) Enticement of a Minor, (4) Receipt of Child Pornography, and (5) Cyber Stalking, and (6) Production and Attempted Production of Child

Pornography (eleven counts). Dkt. 89. On May 3, 2022, this Court determined Boukamp was competent to stand trial after a lengthy competency hearing. Dkt. 123. On May 4, 2022, the magistrate court arraigned Boukamp. At the arraignment, Boukamp stated he wished to represent himself. The Court relieved attorneys Bostwick and Mahoney and appointed the federal public defender as stand-by counsel. On May 5, 2022, the Government moved for a continuance to allow the redaction and production of discovery for Boukamp. Dkt. 129. This Court reset the trial to June 14, 2022. Dkt. 132.

In preparation for the trial, Boukamp filed a multitude of motions, many complaining of his inability to prepare for trial. This Court essentially denied all of Boukamp's motions and requests. Dkt. 144. In denying Boukamp's Motion to Continue, this Court explained the lengths the Government was required to comply with; however, Boukamp still insisted he was not able to adequately prepare for trial.

Mark Mahoney, Boukamp's attorney prior to Boukamp's decision to represent himself, filed an Objection to Order Permitting Self-Representation. Dkt. 152. Mahoney argued (1) the magistrate judge failed to consider evidence gleaned during the competency hearing, (2) the magistrate failed to consider the standard for representation at trial can be greater than the competency standard, (3) this Court did not designate the magistrate judge to make this determination, and (4) the determination of self-representation must be made by an Article III judge. *Id*. This Court struck Mahoney's Objection ruling Mahoney was not permitted to file documents since he has been terminated. *Id*.

Boukamp continued filing motions with this Court. In these motions, Boukamp acknowledged many of his shortcomings. Dkt. 167. Boukamp also filed a Motion to Suppress and a Motion to Dismiss Multiplicitous Counts. Dkts. 174 and 175. On May 27, Boukamp continued

filing motions: Motion for Science, Motion for Expert Witnesses, Motion to Preserve Constitutional Right to a Speedy Trial, and a Motion for Dismissal with Stipulations and Change of Venue. Dkts. 180-183. All of the aforementioned motions were denied by this Court.

Boukamp, continued his self-representation and proceeded to trial on June 14, 2022. On the third day of trial, a jury convicted Boukamp on all counts. Trial Tr. pp. 671-673. After the jury's verdict, Boukamp explained he no longer wished to proceed *pro se* and requested the Court to appoint the federal public defender, who had served as standby counsel, to represent Boukamp through sentencing. Trial Tr. p. 679. On June 27, 2022, the magistrate court determined appointment of counsel was necessary and appointed undersigned counsel. Dkt. 246.

After a review of the pretrial hearing transcripts, trial transcripts, interviews with Boukamp, and conversations with prior attorneys for Boukamp, this Motion for New Trial follows:

**II.     Although the District Court determined Boukamp competent and subsequently determined Boukamp could proceed without counsel, this Court should have disallowed Boukamp from doing so.**

Although a defendant has the right to knowingly and intelligently waive his right to counsel, under some circumstances, the court may deny a defendant's right to exercise self-representation. Additionally, the fact that a defendant is mentally competent to stand trial does not preclude a court from finding him not mentally competent to represent himself at trial. *Indiana v. Edwards*, 128 S. Ct. 2379 (2008).

Based on Boukamp's actions and filings leading up to the trial, this Court should have required Boukamp to be represented by counsel. Additionally, Boukamp's performance during the trial and the Court's responses to that performance further demonstrate the necessity that this Court should have required Boukamp to be represented by counsel.

### A. Boukamp's inability of self-representation was demonstrated through his comments and motions to the Court and requires this Court to grant this Motion for New Trial.

With frequency to the Court, Boukamp stated he was not and would not be ready for trial. In addition to stating he was not ready, Boukamp demonstrated his inability to adequately represent himself as his motions practice was ineffective and frequently damaging.

In docket entry 141, Boukamp stated, "I find it impossible to meaningfully prepare for trial. In this motion Boukamp's titled "A Motion for a Fair Trial", Boukamp complained of not having had the "opportunity to meet with standby counsel . . . ." Boukamp further explained he did not have the ability to adequately review the discovery to prepare for his defense. Dkt. 141. In connection with this motion, Boukamp also filed a Motion for Release and a Motion for Continuance. Dkts. 142 and 143.

Boukamp acknowledging his own inadequacies described himself as "abrasive, stubborn, and . . . would come across in a very poor light to anybody listening." Dkt. 167. Demonstrating his lack of understanding as to criminal culpability, Boukamp described himself "a visionary . . . a lover, a sculptor, a performance artist" in his motion titled "Motion to Preserve America and Uphold the Constitution. Dkt. 173.

When being questioned by the District Court prior to the trial, Boukamp vacillates whether his decision to self-representation is voluntary. The Court is asking Boukamp if his decision to represent himself is voluntary, and Boukamp answers, "It just -- it feels -- somewhat forced in this case . . . . I do feel compelled, and I don't feel that I have had the opportunity to represent myself, which is causing me conflict. Or at least represent myself fairly." Pretrial Hr'g Tr. p. 17. Boukamp explains that representing himself is "extremely difficult . . . ." *Id*. at 18. The Court acknowledges that Boukamp has disagreed with "deadlines" and "procedures" set by the Court. *Id*. To

demonstrate Boukamp's lack of understanding of trial procedures, after the government has requested 20 minutes for their closing argument, Boukamp requests "[a]n hour and a half at least . . . ." *Id.* at 22. Requesting an hour and a half for closing in a federal criminal trial after the Government just requested 20 minutes demonstrates a complete lack of understanding of the factual background of this case and the procedure of a federal criminal trial.

One of Boukamp's continuing themes in his motions and statements is his inability to review the discovery and to be ready for trial. At the pretrial hearing, Boukamp explains to the judge, "I did not have the necessary time to go over these exhibits because of the voluminous discovery and, I mean, the lack of time that I've had." *Id.* at 43. Boukamp explains his efforts at preparation have been "impossible." *Id.*

In addition to Boukamp's acknowledgment that he is not prepared for trial, Boukamp requests special accommodations because he gets easily overwhelmed. Pretrial Hn'g Tr. p. 96. Cumulating all of these statements to the Court, this Court should have ruled Boukamp was not able to represent himself.

## B. The Judge's *sua sponte* objections, Boukamp's difficulty keeping pace with the Judge's time requirements, and this Court taking over questioning of witnesses all demonstrate Boukamp's inability to represent himself.

### i. The Judge's s*ua sponte* objections demonstrated Boukamp's inability to represent himself.

While a judge is entitled to object *sua sponte*, in this case, the Court's *sua sponte* interjections during the Defendant's examinations were excessive and, as evidenced in the affidavit of Megan Gower (attached as Exhibit 1), significantly played upon Mr. Boukamp's disability, and his ability to adequately represent himself. Often the objections provided no opportunity for Mr. Boukamp to gather his thoughts and respond or take a different approach.

> Boukamp: Okay. Now, would it surprise you that she also toyed with the idea of stealing the gun in your pantry and bringing that along too?
>
> The Court: That's hearsay—
>
> Mr. Haag: Objection, Your Honor; calls for hearsay.
>
> The Court: That's hearsay. Sustained.

Trial Tr. at 155. This question did not call for hearsay in the answer. Whether in fact the complainant had raised this idea could have been dispelled by further examination.

On certain occasions, the Court terminated Mr. Boukamp's inquiry entirely before its logical conclusion:

> Boukamp: And you believe that those scary, suicidal thoughts, those were obviously about her, and those murderous thoughts were about you and your family; is that correct?
>
> A. No.
>
> Boukamp: You no longer believe that, Mr. Worley?
>
> A. That she wanted to–that that was about us?
>
> Boukamp: Yes, Mr. Worley.
>
> A. I wouldn't say it was directly about us.
>
> Boukamp: You wouldn't say it was directly about–
>
> The Court: It's been asked and answered. Next question.

Trial Tr. p. 135. Here, the Court did not let Mr. Boukamp complete his question. The judge made numerous rulings to the effect of "asked and answered" without giving the defendant a chance to regroup. *See also* Trial Tr. p. 143, ln. 20-21; p. 149, ln. 8-10; p. 157, ln. 4-5, 23-24; p. 162, ln. 16; p. 163, ln. 5-12; p. 327, ln. 19-24; p. 509, ln. 16-24.

> ***ii.*** **Boukamp's inability to keep pace with the Judge's time requirements demonstrated Boukamp's inability to represent himself.**

As demonstrated in the competency hearing, processing and executive functioning are critical problems for Mr. Boukamp. This was exacerbated by rulings which cut him off during jury selection and opening statements (many of which were *sua sponte*), Trial Tr. p. 78, ln. 2-9; p. 113, ln. 10-15; p. 114, ln. 18-23, or in the in the middle of questions and rushing him through his examination. The Court also frequently directed Boukamp to move to the next question. Trial Tr. p. 135, ln. 18-20; p. 138, ln. 10-11, 21; p. 143, ln. 5, 20-21; p. 144-146; p. 149, ln. 6-10; p. 152, ln. 21-23; p. 154-155; p. 156, ln. 23; p. 157, ln. 4; p. 160, ln. 13-18; p. 162, ln. 1-16; p. 163, 8-21; p. 250, ln. 13-16; p. 290, ln. 4-16; p. 326, ln. 13-16; p. 498, ln. 22-24; p. 516, ln. 19-23; p. 519.

> ***iii.*** **The Court's taking over of Boukamp's questioning demonstrated Boukamp's inability to represent himself.**

Further evidence of Boukamp's inability to proceed *pro se* and the failure to accommodate his autism lies in the instances where the Judge repeatedly took over the questioning or interjected himself in the questioning. Trial Tr. p. 141, ln, 8-13; p. 152, ln. 14-20; p. 154, ln. 5-7; p. 156, ln. 14; p. 161, ln. 1-12; p. 162, ln. 7-16; p. 387-388. When Boukamp's train of thought is disrupted, he struggles to continue his questioning:

> Boukamp: So someone, especially a kidnapping victim, as you say in -- as the government says in this case, giving a false identity--
>
> Ms. Woolam: Objection; relevance. This witness said he isn't aware that this happened.
>
> The Court: Finish your questions.
>
> Boukamp: I'm sorry. I -- could you repeat what I was saying? I -- cut off my train of thought. If the court reporter --
>
> The Court: So someone, especially a kidnapping victim, as you say, as the government says in this case, giving a false identity.

>Boukamp:  Especially when the man accused, the only other occupant in the resident -- giving a false name -- would be handcuffed, surrounded by SWAT personnel, would that be an odd thing for her to give a false name?
>
>A.  I don't understand what you're asking.
>
>The Court: He has testified -- he has testified about his interaction with the victim. Why don't you ask a question that relates to his testimony, what he can testify to. He has told you what he knows and what he doesn't know.

Trial Tr. pp. 388-389.

### C. Considering Boukamp's autism, the Court did not provide sufficient accommodations to allow Boukamp to adequately represent himself.

The court did not give adequate consideration to Boukamp's autism and the ways it impaired his processing and executive functioning coupled with difficulties anticipating how witnesses would react to questions. This was especially so when he was examining witnesses and responding to the court's rulings. Trial Tr. p. 78; p. 138, ln. 21; p. 142, ln. 2-5, 13-21; p. 152; p. 154; p. 156, ln. 18-23; p. 162-163; p. 250, ln. 13-16; p. 260, ln. 11-21; p. 276, ln. 12-20, 24-25; p. 277-278; p. 388, ln. 15-20; p. 391, ln, 16-20; p. 495, ln. 20; p. 526; p. 575-577; p. 584, ln. 8-18; p. 585; p. 586, ln. 3-13, 20-22.

### D. The trial was a demonstration of the inability of Mr. Boukamp to effectively represent himself. Yet here he finally articulated several times, and demonstrated in many ways, that he was in way over his head and unable to manage the situation.

Boukamp struggled to formulate appropriate questions. Trial Tr. p. 120, ln. 13; p. 191, ln. 11-13; p. 200, ln. 5-6; p. 461, ln. 13-15; p. 462, ln. 7-8; p. 556-560.  He did not understand the procedure or rules regarding jury selection. He was "unsure of the threshold that needs to be reached for someone to be dismissed for cause." Trial Tr. p. 82-85. He was unprepared and unable to utilize basic things, like bringing up a video. Trial Tr. p. 142-143. He did not understand the government preparing a witness's testimony. Trial Tr. p. 457, ln. 21-23. He cried while examining

the complainant, Trial Tr. p. 498, 500, and at other times. Boukamp's rigid thinking prevented him from testifying in his own defense, without needed accommodations from the judge, and Boukamp was unable to negotiate some acceptable way for him to testify in his defense. He didn't understand that his right to remain silent is revoked if he chooses to testify. Trial Tr. p. 546-548. He did not have the information he needed when questioning a witness about a topic. Trial Tr. 571-575. Boukamp admitted to losing his train of thought and evidenced this on many occasions. Trial Tr. p. 655, ln. 13-14. Finally, Boukamp did not understand how closing arguments worked. Trial Tr. p. 600-601; p. 639-640.

### III. Conclusion

Based on the aforementioned information individually, Boukamp requests this Court to grant this Motion for New Trial, but Boukamp also requests this Court to look at the cumulative impact of these errors and Boukamp's inadequacies and find the interests of justice require the granting of a new trial and that Boukamp be prohibited from self-representation in said trial.

WHEREFORE, PREMISES CONSIDERED, Defendant, Thomas Boukamp, respectfully requests this Court to grant this Motion for New Trial in the interest of justice and for the legal errors identified.

Respectfully submitted,

*/s/ Michael L King*
Michael L. King
King Law, P.C.
814 Main Street, Ste. B
Lubbock, TX 79401
(806) 478-1322 (tel)
(806) 478-1320 (fax)
michael@kingcriminaldefense.com
Texas Bar. No. 24049082
Attorney for Defendant

**Certificate of Service**

By signing above, I certify that on September 6, 2022, I filed this document with the Clerk using the CM/ECF filing system, which will cause a copy of the document to be delivered to Assistant United States Attorney Callie Wollam.

*/s/ Michael L. King*
Michael L. King

**Certificate of Conference**

AUSA Callie Woolam was contacted about this motion. The Government is opposed to the granting of a new trial.

*/s/ Michael L. King*
Michael L. King